**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEBRASKA**

| IN THE MATTER OF: | ) | BK. NO. 15-81151 |
| --- | --- | --- |
| | ) | (Chapter 13) |
| Charles and Kristina Garman | ) | |
| | ) | ***REVISED CHAPTER 13 PLAN*** |
| | ) | ***FOR CASES FILED AFTER DEC. 1, 2010 and*** |
| DEBTOR(S). | ) | ***NOTICE OF RESISTANCE DEADLINE*** |

1. **PAYMENTS**

    The Debtor or Debtors (hereinafter called "Debtor") submits to the Standing Chapter 13 Trustee all projected disposable income to be received within the applicable commitment period of the plan. The payment schedule is as follows:

| A. Monthly Payment Amount [include any previous payments] | B. Number of Payments | Base Amount (A X B) |
| --- | --- | --- |
| $390.00 | 60 | $23,400.00 |
| $ | | $ |
| $ | | $ |

Total Plan Base Amount: $__23,400.00

The payment shall be withheld from the Debtor's paycheck:    Yes ■    No ■

Employee's name from whose check the payment is deducted: __Charles Garman_____

Employer's name, address, city, state, phone: _State of Nebraska, State Accounting, PO Box 94664, Lincoln, NE 68509-4664_____

Debtor is paid:    Weekly ☐    Biweekly **X**    Twice Monthly ☐    Monthly ☐    Other ☐

This plan cures any previous arrearage in payments to the Chapter 13 Trustee under any prior plan filed in this case.

**NOTE: PLAN PAYMENTS TO THE TRUSTEE MUST BEGIN IMMEDIATELY FOR PLANS REQUIRING PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS OR LEASE PAYMENTS. IN THOSE CASES PROVIDING FOR EMPLOYER DEDUCTIONS, THE DEBTOR MUST MAKE DIRECT PAYMENT TO THE TRUSTEE BY MONEY ORDER OR CASHIER'S CHECK UNTIL THEIR EMPLOYER DEDUCTION BEGINS. IN CASES WITHOUT PRE-CONFIRMATION PAYMENTS, PLAN PAYMENTS MUST COMMENCE WITHIN 30 DAYS OF FILING OF THE PETITION. THE DEBTOR MUST MAKE DIRECT PAYMENT TO THE TRUSTEE UNTIL THEIR EMPLOYER DEDUCTION BEGINS.**

2. **ORDER OF PAYMENT OF CLAIMS**

    Applicable Trustee fees shall be deducted pursuant to 28 U.S.C Sec 586(e). Claims shall be paid in the following order: (1) 11 U.S.C. Sec 1326(a)(1)(B)&(C) pre-confirmation payments for adequate protection or leases of personal property; (2) payments to secured creditors under 11 U.S.C. Sec 1325(a)(5), payments due on executory contracts, the Debtor's attorney fees, 11 U.S.C. Sec 507(a)(1)(A) priority domestic support claims and approved Chapter 7 trustee compensation; (3) other administrative expense claims under 11 U.S.C. Sex503; (4) other priority claims in the order specified in 11 U.S.C. Sec 507(a) including post-petition tax claims allowed under 11 U.S.C. Sec 1305; (5) co-signed consumer debts; (6) general unsecured claims. Unless otherwise noted, claims within each class shall be paid pro

rata. If funds remain after payment of specific monthly payments provided for in the plan, the Chapter 13 trustee may distribute those funds to secured creditors in payment of their allowed secured claims.

3. **§1326(a) PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS & LEASE PAYMENTS.**

The following pre-confirmation adequate protection payments on claims secured by personal property and pre-confirmation lease payments for leases of personal property shall be paid by the Trustee to the below listed creditors without entry of an order of the Court. The Debtor proposing pre-confirmation payments will ***immediately*** commence plan payments to the Trustee. Creditors must file a proof of claim to receive payment. Payments by the Trustee shall commence to these creditors within 30 days of the filing of the proof of claim unless the Trustee does not have funds available within 7 workings days prior to the end of the 30 day period. Post-confirmation payments are provided for below in Paragraphs 6 and 7 of this plan.

| Creditor's Name and Full Address | Last Four Digits of Account Number | Date of Next Payment Due | Payment Amount |
|---|---|---|---|
| 1. Centris FCU | | | 300.00 |
| 2. | | | $ |
| 3. | | | $ |

4. **ADMINISTRATIVE CLAIMS.**

Trustee fees shall be deducted from each payment disbursed by the Trustee.

Nebraska Rule of Bankruptcy Procedure 2016-1 (A)(4) and Appendix "N" provide allowance of Chapter 13 attorney fees may be included in a Chapter 13 Plan. Total fees or costs in excess of this amount must be approved through a separate fee application. Fees and costs requested for allowance are as follows:

| Total Fees Requested | Fees Received Prior to Filing | Balance of Fees to be Paid in Plan |
|---|---|---|
| $0.00 | $0.00 | $0.00 |
| Total Costs Requested | Costs Received Prior to Filing | Balance of Costs to be Paid in Plan |
| $0.00 | $0.00 | $0.00 |

Fees and costs allowed shall be paid at the rate of not less than $_0.00_ per month and shall accrue from the month in which the case is filed.

5. **PRIORITY CLAIMS.**

11 U.S.C. § 1322(a) provides that all claims entitled to priority under 11 U.S.C. § 507(a) shall be paid in full in deferred cash payments unless the holder of a particular claim agrees to a different treatment of such claim except for a priority claim under 11 U.S.C. § 507(a)(1)(B). It is further provided that any and all pre-petition penalties, and post-petition penalties and interest, which have attached or will be attached to any such claim, shall be treated as a general unsecured claim and not entitled to priority. Such claims are as follows:

A. **Domestic Support Obligations**:

    1) None    X        [If none, skip to Priority Taxes section]
    2) Name of Debtor who owes Domestic Support Obligation: _____
    3) The name(s), address(es), and phone number(s) of the holder of ANY domestic support obligation as defined in 11 U.S.C. § 101(14A):

| Name of Creditor | Address, City, and State | Zip Code | Telephone Number |
|---|---|---|---|
| 1. | | | |
| 2. | | | |

4) The Debtor is required to pay all post-petition Domestic Support Obligations directly to the holder of the claim and not through the Chapter 13 Plan.

B. Arrearages Owed to Domestic Support Obligation Holders Under 11 U.S.C. § 507(a)(1)(A):

1) None   X   [If none, skip to subparagraph C below]
2) Name of holder of Domestic Support Obligation Arrearage Claim, estimated arrears and monthly payment

| Name of Creditor | Estimated Arrearage Claim | Monthly Payment On Arrearage |
|---|---|---|
| 1. | $ | $ |
| 2. | $ | $ |

C. **Domestic Support Obligations Assigned To Or Owed To A Governmental Unit Under 11 U.S.C. § 507(a)(1)(B):**

1) None   X   [If none, skip to Priority Tax Claims]
2) Name of Creditor, estimated arrearage claim and any special payment provisions:

| Name of Creditor | Estimated Arrearage Claim | Provision For Payment |
|---|---|---|
| 1. | $ | $ |

D. **Priority Tax Claims Including Post-Petition Tax Claims Allowed Under 11 U.S.C. § 1305:**

| Federal: $ | State: $ | Total: $ |
|---|---|---|
| $0.00 | 427.93 | $427.93 |

E. **Chapter 7 Trustee Compensation Allowed Under 11 U.S.C. § 1326(b)(3)):**

| Amount Allowed | Monthly Payment (Greater of $25 or 5% of Monthly Payment to Unsecured Creditors) |
|---|---|
| $ | $ |

F. **Other Priority Claims:** _____

6. **SECURED CLAIMS**

A)(1) **Home Mortgage Claims** (including claims secured by real property which the debtor intends to retain)

Unless otherwise provided in this plan, Debtor shall pay all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due beginning with the first due date after the case is filed and such creditor shall retain any lien securing its claim. Any pre-petition arrearage shall be paid through this Chapter 13 plan with interest as provided below and in equal monthly payments as specified below. The amount of pre-petition arrears is determined by the proof of claim, subject to the right of the debtor to object to the amount set forth in the claim.

| Name of Creditor | Property Description | Estimated Pre-petition Arrearage | Pre-confirmation Interest Rate & Dollar Amount Limit, if any | Post-confirmation Interest Rate | Monthly Payment Amount on pre-petition arrears | Total Payments on pre-petition arrears plus interest |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1. Wells Fargo Home Mortgage | residence | $15,587.00 | % $ | % | $ pro rata | $15,587.00 |
| 2. | | $ | % $ | % | $ | $ |

**A)(2)** <u>**The following claims secured by real property shall be paid in full through the Chapter 13 plan.**</u>

| Name of Creditor | Property Description | Pre-confirmation Interest Rate & Dollar Amount Limit, if any | Post-confirmation Interest Rate | Monthly Payment Amount | Total Payments plus interest |
|---|---|---|---|---|---|
| 1. | | % $ | % | $ | $ |
| 2. | | % $ | % | $ | $ |

**B) <u>Post-Confirmation Payments to Creditors Secured by Personal Property</u>**
Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (1) and (2). If the debtor elects a different method of payment, such provision is set forth in subparagraph (3).

1) <u>Secured Claims to which § 506 Valuation is **NOT** applicable:</u>
Claims listed in this subsection are debts secured by a purchase money security interest in a personal motor vehicle, incurred within 910 days of filing of the bankruptcy <u>OR</u> debts secured by a purchase money security interest in "any other thing of value", incurred within one year prior to filing of the bankruptcy. These claims will be paid in full with interest as provided below and in equal monthly payments as specified below:

| Name of Creditor | Property Description | Estimated Claim Amount | Pre-confirmation Interest Rate & Dollar Amount Limit, if any | Post-confirmation Interest Rate | Monthly Payment Amount | Total Payments plus interest |
|---|---|---|---|---|---|---|
| 1. | | $ | % $ | % | $ | $ |
| 2. | | $ | % $ | % | $ | $ |
| 3. | | $ | % $ | % | $ | $ |

2) <u>Secured Claims to which § 506 Valuation is applicable:</u>
Claims listed in this subsection are debts secured by personal property <u>not</u> described in the prior paragraph of this plan, 6(B)(1). These claims will be paid either the value of the secured property or the amount of the claim, whichever is less, with interest as provided below and in equal monthly payments as specified below. The portion of a claim that exceeds the value of the secured property will be treated as an unsecured claim. The value of the secured property is determined by the proof of claim, subject to the right of the debtor to object to such valuation.

| Name of Creditor | Property Description | Est. Value of Security or Amount Owed (use lowest amt.) | Pre-confirmation Interest Rate & Dollar Amount Limit, if any | Post-confirmation Interest Rate | Monthly Payment Amount | Total Payments plus interest |
|---|---|---|---|---|---|---|
| 1. Centris FCU | 2007 GMC Envoy | $3,797.00 | % $ | 5.25% | Pro rata | $4,344.30 |
| 2. United Consumer | Rainbow vacuum | $240.00 | % $ | % | Pro rata | $240.00 |

Page 4 of 7

| 3. | | $ | % | $ | % | $ | $ |
|---|---|---|---|---|---|---|---|

3) Other provisions:

### C) Surrender of Property

The Debtor surrenders any interest in the following collateral. Any secured claim filed by the below creditors will be deemed satisfied in full through surrender of the collateral. Any unsecured deficiency claim must be filed by the bar date for claims or allowed by separate order of the Court.

| Name of Creditor | Collateral to be surrendered |
|---|---|
| 1. | |
| 2. | |

### D) Lien Avoidance.

The Debtor shall file a Motion to Avoid the lien of the following creditor(s):

| Name of Creditor | Amount Owed | Property Upon Which Debtor Will Seek to Avoid Lien |
|---|---|---|
| 1. | $ | |
| 2. | $ | |

## 7. EXECUTORY CONTRACTS / LEASES.

A) The Debtor rejects the following executory contracts:

| Name of Creditor | Property Subject to Executory Contract |
|---|---|
| 1. | |
| 2. | |

B) The Debtor assumes the executory contract/lease referenced below and provides for the regular contract/lease payment to be included in the Chapter 13 plan. Any pre-petition arrearage will be cured in monthly payments as noted below:

| Name of Creditor | Property Subject to Executory Contract / Lease | Estimated Arrearages on Contract as of date of Filing | Monthly Payment to be Made on Contract Arrearage | Regular Number of Contract Payments Remaining as of Date of Filing | Amount of Regular Contract Payment | Due date of Regular Contract Payment | Total Payments (arrears + regular contact payments) |
|---|---|---|---|---|---|---|---|
| 1. | | $ | $ | | $ | | $ |
| 2. | | $ | $ | | $ | | $ |

## 8. CO-SIGNED UNSECURED DEBTS

A) The following co-signed debts shall be paid in full at the contract rate of interest from petition date.

| Name of Creditor | Estimated Amount Due | Contract Rate of Interest | Total Due |
|---|---|---|---|
| 1. | $ | % | $ |

## 9. UNSECURED CLAIMS

A) Allowed unsecured claims shall be paid prorata all remaining funds.

**10. <u>ADDITIONAL</u> <u>PROVISIONS</u>**

A)  If there are no resistances/objections to confirmation of this plan or after all objections are resolved, the Court may confirm the plan without further hearing.

B)  Property of the estate, including the Debtor's current and future income, shall revest in the Debtor at the time a discharge is issued, and the Debtor shall have sole right to use and possession of property of the estate during the pendency of this case.

C)  In order to obtain distributions under the plan, a creditor must file a proof of claim within ninety (90) days after the first date set for the Meeting of Creditors except as provided in 11 U.S.C. § 502(b)(9). Claims filed after this bar date shall be disallowed except as provided in Bankruptcy Rule 3002.

D)  Unless otherwise provided in this plan or ordered by the Court, the holder of each allowed secured claim provided for by the plan shall retain its lien securing such claim as provided in 11 U.S.C. § 1325(a)(5)(B).

E)  After the bar date to file a proof of claim for non-governmental units, limited notice/service is approved for all post confirmation pleadings.  Pleadings shall include application for fees, amended plans and motions.  Pleadings shall be served on all parties in interest.  For purposes of this limited notice provision, a party in interest is a party whose interest is directly affected by the motion, a creditor who has filed a proof of claim, a party who has filed a request for notice, any governmental agency or unit that I a creditor and all creditors scheduled as secured or priority creditors.  Any pleading filed with limited notice shall include a certificate of service specifically stating it was served with limited notice on all parties in interest pursuant to Neb.R.banks.P. 9013-1(E)(1).  **Failure to comply shall result in deferral of the motion until a proper certificate of service is filed.**

<u>NOTICE OF RESISTANCE DEADLINE</u>

**ANY RESISTANCE TO THIS PLAN OR REQUEST FOR A HEARING MUST BE FILED IN WRITING WITH THE BANKRUPTCY CLERK'S OFFICE (SEE ORIGINAL NOTICE OF BANKRUPTCY FOR ADDRESS) AND SERVED ON THE ATTORNEY FOR THE DEBTOR AT THE ADDRESS LISTED BELOW (OR SERVED ON THE DEBTOR, IF NOT REPRESENTED BY AN ATTORNEY), ON OR BEFORE:**

(*USE OPTION A OR B – AND CHECK ONE OF THE BOXES* - SEE LOCAL COURT RULES)

(A)  ☐ **14 DAYS AFTER THE CONCLUSION OF THE MEETING OF CREDITORS**
OR
(B)  X **MONTH, DAY AND YEAR** (USE A CALENDAR DATE WHICH IS AT LEAST 20 DAYS AFTER THE DATE THE PLAN IS FILED WITH THE COURT)
**SEPTEMBER 25, 2015**

**IF A TIMELY RESISTANCE OR REQUEST FOR A HEARING IS FILED AND SERVED, THE BANKRUPTCY COURT WILL HANDLE THE RESISTANCE IN ACCORDANCE WITH GENERAL ORDER NO. 07-01. IF THERE ARE NO OBJECTIONS TO THE PLAN AS FILED, THE COURT MAY CONFIRM THE PLAN WITHOUT FURTHER HEARING.**

## CERTIFICATE OF SERVICE

On August 14, 2015 the undersigned mailed a copy of this plan to all creditors, parties in interest and those requesting notice by regular United States mail, postage prepaid. The parties to whom notice was mailed are either listed below or on the attached mailing matrix. The undersigned relies on the CM/ECF system of the United States Bankruptcy Court to provide service to the following: Kathleen A Laughlin, Chapter 13 Trustee.

Dated: __August 14, 2015

                          Debtor(s) /s/ Charles and Kristina Garman

                          Pro Se

```
Access Group -PL3
5500 Brandywine Pkwy
Wilmington, DE  19803-1444


Accounts Rec Solutions
7121 A St Ste 102
Lincoln, NE  68510-4289


Accredited Collection Service
PO Box 27238
Omaha, NE  68127-0238


Acs/Pnc Bank NA
501 Bleecker St
Utica, NY  13501-2401


Adt Security Systems Inc
8719 S 135th St # 300
Omaha, NE  68138-6523


Adult and Pediatric Urology
10707 Pacific St Ste 101
Omaha, NE  68114-4762


Alegent Creighton Health
PO Box 3366
Omaha, NE  68176-0001
```

Alegent Health
2301 N 117th Ave Ste 110
Omaha, NE   68164-3484


Alegent Health Clinic
16909 Lakeside Hills Ct
Omaha, NE   68130-4664


Alegent Health NW Imaging Center
PO Box 31748
Omaha, NE   68131-0748


AMCA
4 Westchester Plz Ste 110
Elmsford, NY   10523-1615


Bass & Associates
3936 E Fort Lowell Rd Ste 200
Tucson, AZ   85712-1083


Capital One
26525 N Riverwoods Blvd
Mettawa, IL   60045-3440


Carlson & Burnett
816 N 169th St
Omaha, NE   68118-9300

```
Centris FCU
11825 Q St
Omaha, NE  68137-3503


Centris Federal Cr Un
343 N 114th St
Omaha, NE  68154-2516


Children's Hospital
8200 Dodge St
Omaha, NE  68114-4113


Children's Physicians
PO Box 247037
Omaha, NE  68124-7037


Comenity Bank/Maurices
PO Box 182789
Columbus, OH  43218-2789


Debt Recovery Solutions
PO Box 9004
Westbury, NY  11590-9004


Discover Fin Svcs LLC
PO Box 15316
Wilmington, DE  19850-5316
```

```
Douglas County Assessor
1819 Farnam St # 400
Omaha, NE  68183-1000


Douglas County Attorney
Hall of Justice
1701 Farnam St Ste 100
Omaha, NE  68183-1001


Enterprise Recovery Sy
2000 York Rd Ste 114
Oak Brook, IL  60523-8863


GE Capital
PO Box 1978
Cranberry Township, PA  16066-0978


GSB
PO Box 641579
Omaha, NE  68164-7579


Kohls/capone
PO Box 2983
Milwaukee, WI  53201-2983


Kozeny & McCubbin
11840 Nicholas St Ste 200
Omaha, NE  68154-4475
```

```
Merch Cr Adj
17055 Frances St
Omaha, NE  68130-4655


Methodist Health Systems
PO Box 2797
Omaha, NE  68103-2797


Methodist Physician's Clinic
PO Box 3755
Omaha, NE  68103-0755


Methodist Women's Hospital
707 N 190th Plz
Elkhorn, NE  68022-3974


Nebraska Department of Revenue
PO Box 94818
Lincoln, NE  68509-4818


New Century Physicians Nebraska
16901 Lakeside Hills Ct
Omaha, NE  68130-2318


Northland Group
PO Box 129
Thorofare, NJ  08086-0129
```

```
Portfolio Recovery Ass
120 Corporate Blvd Ste 1
Norfolk, VA  23502-4962


Radiology Consultants
PO Box 31399
Omaha, NE  68131-0399


Tate & Kirlin Assoc
2810 Southampton Rd
Philadelphia, PA  19154-1207


Transworld Systems
507 Prudential Rd
Horsham, PA  19044-2308


United Consumer Finl S
865 Bassett Rd
Westlake, OH  44145-1142


Urgent Care of Omaha
2921 S 168th St
Omaha, NE  68130-2079


Wells Fargo Hm Mortgag
8480 Stagecoach Cir
Frederick, MD  21701-4747
```